**EXHIBIT A**

21STCV29288
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long

Emanuel Thomas, State Bar No. 319906
**THE THOMAS FIRM**
4017 Long Beach Boulevard
Long Beach, California 90807
Telephone: (562) 349-0700
E-Mail: emanuel@thomasfirmlaw.com

Attorneys for Plaintiff
JEFFREY DOTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JEFFREY DOTY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; SHERIFF ALEX VILLANUEVA, in his individual and official capacity; HENRY MAYO NEWHALL HOSPITAL; LOS ANGELES MENS CENTRAL JAIL URGENT CARE; UCLA MEDICAL CLINIC; MEN'S CENTRAL JAIL HOSPITAL; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case Number: 21STCV29288<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1) **VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM;**<br>2) **VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT;**<br>3) **VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT** |

COMES NOW, Plaintiff JEFFREY DOTY (hereinafter "Plaintiff DOTY"), and alleges against Defendants, and each of them, as follows:

Page 1 of 14

COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____

## PARTIES

1. Plaintiff DOTY is, and at all relevant times herein was, an individual residing in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes and based upon such information and belief alleges that Defendant COUNTY OF LOS ANGELES (hereinafter referred to as "Defendant COUNTY") is and at all relevant times herein was, a governmental entity, chartered municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California.

3. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter referred to as "Defendant SHERIFF") was and is a governmental entity existing as a political subdivision of the COUNTY OF LOS ANGELES, a chartered municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California.

4. Defendants COUNTY and SHERIFF are fully responsible for the operation and administration of jail facilities within Los Angeles County, including Men's Central Jail and Twin Towers Correctional Facility. Defendants COUNTY and SHERIFF have implemented policies and procedures for its correctional facilities' staff, including prison guards, deputy sheriffs, nurses, medical staff, physicians, and others to assist inmates who are experiencing health problems. Defendants COUNTY and SHERIFF are responsible for training its staff in the application of these policies and procedures, and ensuring they are properly followed.

5. At all times herein mentioned, Defendant SHERIFF ALEX VILLANUEVA (hereinafter referred to as "Defendant VILLANUEVA") was and is a law enforcement officer within the State of California, and a policymaker for Defendant COUNTY with respect to correctional facilities and detention matters. As

Page 2 of 14

---
COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____

such, Defendant VILLANUEVA was responsible for the day to day operation of correctional facilities, including the provision of medical care to inmates.

6.  Defendant HENRY MAYO NEWHALL HOSPITAL (hereinafter referred to as "Defendant HENRY MAYO") was and is a medical center employed by Defendants COUNTY and SHERIFF, responsible for treating inmates house in correctional facilities. As such, Defendant HENRY MAYO was and is responsible for the provision of medical care to inmates, including Plaintiff DOTY.

7.  Defendant LOS ANGELES MENS CENTRAL JAIL URGENT CARE (hereinafter referred to as "Defendant URGENT CARE") was and is a medical center employed by Defendants COUNTY and SHERIFF, responsible for treating inmates house in correctional facilities. As such, Defendant URGENT CARE was and is responsible for the provision of medical care to inmates, including Plaintiff DOTY

8.  Defendant UCLA MEDICAL CLINIC (hereinafter referred to as "Defendant UCLA") was and is a medical center employed by Defendants COUNTY and SHERIFF, responsible for treating inmates house in correctional facilities. As such, Defendant UCLA was and is responsible for the provision of medical care to inmates, including Plaintiff DOTY

9.  Defendant LOS ANGELES MENS CENTRAL JAIL HOSPITAL (hereinafter referred to as "Defendant CENTRAL JAIL HOSPITAL") was and is a medical center employed by Defendants COUNTY and SHERIFF, responsible for treating inmates house in correctional facilities. As such, Defendant CENTRAL JAIL HOSPITAL was and is responsible for the provision of medical care to inmates, including Plaintiff DOTY

10. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive, and as such Plaintiff sues them by these fictitious names. Plaintiff is informed and believe that each of the DOE Defendants resides in the State of California and are in some manner responsible for the conduct alleged

herein. Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this Complaint to show the true names and capacities of these fictitiously named Defendants.

11. Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief, alleges that at all times herein mentioned, each of the co-Defendants, whether named or sued fictitiously as a DOE Defendant (hereinafter "Defendants"), in doing the things hereinafter alleged, were acting within the course, scope and under the authority of their agency, employment, or representative capacity, with the consent of her/his/its co-defendants. Plaintiff is informed and believes and thereon alleges that the DOE Defendants are and at all times relevant times mentioned herein were, residents of the County of Los Angeles, State of California.

## JURISDICTION AND VENUE

12. This Court has personal jurisdiction over the Defendants because they are residents of, employed in, and/or doing business in the State of California.

13. The jurisdiction of the federal courts over cases arising under the Constitution and federal law is invoked under 28 U.S.C. §§1331 and 1343(a)(3) and (4). The supplemental jurisdiction of the federal court over pendent state claims is invoked under 28 U.S.C. §1367. The Superior Court of this state has original and concurrent jurisdiction over all claims asserted herein.

14. This action is also brought pursuant to 42 U.S.C. §1983, and the Eighth and Fourteenth Amendments of the United States Constitution.

15. Plaintiff's tort claims are properly filed and venued pursuant to *Civil Code of Procedure* §395, because the conduct that gave rise to the liability at issue occurred in Los Angeles County, California.

## GOVERNMENT CLAIM REQUIREMENTS MET

---

COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____

16.     On or about February 17, 2021, Plaintiff lodged his Government Claim on the COUNTY OF LOS ANGELES, with the Office of the County Counsel located at 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012, in substantial compliance with *California Government Code* §§910, *et seq.*, providing by way of details that while working in the prison laundry, Plaintiff DOTY's foot was run over by a damaged laundry cart, severing his toe. Thereafter, Plaintiff DOTY's medical treatment and transport for treatment was on many occasions delayed and substandard, causing his toe to be permanently amputated and his body to become severely infected. During his stay in the prison medical unit, Plaintiff DOTY, an asthmatic, contracted COVID-19, further threatening his life and frustrating his medical treatment. Plaintiff DOTY thus alleged that Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, County-run facilities and unknown employees of those facilities were negligent by failing to timely transport, obtain and maintain medical care for Plaintiff DOTY, and that Defendant UCLA failed to provide proper medical care for Plaintiff DOTY. The COUNTY OF LOS ANGELES denied the claim by letter dated March 18, 2021.

## FACTS COMMON TO ALL COUNTS

17.     Prior to September 1, 2020, Plaintiff DOTY was on probation for a non-violent offense. Part of Plaintiff DOTY's probation required that he not have any contact with the police.

18.     On or about September 1, 2020, the police were called for a theft occurring in the area of Plaintiff DOTY's residence. Plaintiff DOTY did not commit the theft, and was determined to be innocent of any theft, but since the police came into contact with him, he was arrested for a violation of his probation. Plaintiff DOTY was taken into custody, found guilty of the probation violation, and ultimately sentenced to 180 days in North County Correctional Facility.

Page 5 of 14

-----
COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____

19. On November 16, 2020, while incarcerated at North County Correctional Facility Plaintiff DOTY got a job in the prison laundry. On November 18, 2020, at 6:45 a.m., Plaintiff DOTY stopped to pick up the laundry carts on his way to the laundry facility. Upon arrival, he and another inmate were asked to come with the "boss" to the 6000 floor to help put the wet laundry into a cart and take it to the laundry room. The cart Plaintiff DOTY and the other inmate were assigned to use to collect the wet laundry had a bad wheel, and would not move in a straight direction, thus taking two people to push it. Plaintiff DOTY tried to get the wheel straight, and the other inmate that was helping him pushed the cart really hard, jolting it forward, running the wheel of the cart over Plaintiff DOTY's toe and up his foot. Plaintiff DOTY immediately reported to the "boss" what had happened, and they returned to the laundry room so Plaintiff DOTY could show the "boss" his foot. The "boss" told Plaintiff DOTY to sit down, gave him some water, and called for help, as Plaintiff DOTY's fourth toe had been partially amputated.

20. Defendants COUNTY and SHERIFF transported Plaintiff DOTY to Defendant HENRY MAYO, where the medical staff told him they would try to "fix" his toe by putting a pin in it to reattach it to his foot. Plaintiff DOTY was in Defendant HENRY MAYO for two days before the took him in to surgery to "fix" his toe.

21. On November 22, 2020, Plaintiff DOTY was transferred from Defendant HENRY MAYO to Defendant URGENT CARE, and then sent to the hospital at Defendant UCLA. At Defendant UCLA, Plaintiff DOTY was tested for COVID-19, and received a positive result. The following day, Plaintiff DOTY was transferred back to Defendant CENTAL JAIL HOSPITAL at the Twin Towers, and put in quarantine for 11 days.

22. On December 3, 2020, Plaintiff DOTY was transported from the Defendant CENTRAL JAIL HOSPITAL to 3600/A13, where the doctor instructed him to do foot exercises; however, Plaintiff DOTY was unable to do those exercises

Page 6 of 14

COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____

because his foot was full of blood and needed to be drained.

23. On December 9, 2020, Plaintiff DOTY saw the "RN" at Defendant URGENT CARE, who told him he needed to go see doctor at Twin Towers, because he needed to be back on antibiotics, but the doctor at Defendant URGENT CARE would not authorize that transport. Between December 12 and December 19, 2020, Plaintiff DOTY was left in his cell without medical care on his infected foot.

24. On December 19, 2020, Plaintiff DOTY opened the bandages on his foot and showed them to the guard on his roll, begging him to call someone to see his foot. Plaintiff DOTY finally got a medical pass to have his foot examined. When the medical team on duty saw his foot, they sent him back to Defendant URGENT CARE, who immediately rushed him back to Defendant UCLA. The doctor at Defendant UCLA told Plaintiff DOTY that his toe was "dead," and that it should be cut off, but because of his heart issues and his recent Covid-19 diagnosis, he did not think that should be done right away. That doctor put Plaintiff DOTY on antibiotics, and said he needed to remain on antibiotics. The doctor at Defendant UCLA told Plaintiff DOTY that he might be able to keep his toe, that he would not have any feeling in the toe, that the black, dead skin on the toe might just fall off and he could be okay and, if not, they could always cut his toe off later. Plaintiff DOTY had no feeling at all in that toe.

25. On December 20, 2020, the "RN" at Defendant URGENT CARE was changing Plaintiff DOTY's bandage, and stated that he did not think Plaintiff DOTY's toe was dead, cut off some of the black dead skin and wrapped it back up.

26. Thereafter, Plaintiff DOTY did not received any further medical care for his infected and dying toe until he was released on _____, 2021. At that point, however, it was too late. Plaintiff DOTY had to undergo amputation of his toe.

27. The Defendants' deliberate indifference to Plaintiff DOTY's medical condition and refusal to provide him with timely and adequate medical care and

---

COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____

treatment caused Plaintiff DOTY to suffer severe, permanent medical complications, including the loss of his toe, exacerbation of his asthma and long-haul Covid symptoms.

## FIRST CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 (MONELL CLAIM))

### [Against All Defendants]

28. Plaintiff DOTY realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

29. At all relevant times, Defendants, and each of them, were acting under color of law by acting or pretending to act in the performance of their official duties under state, county, or municipal laws, ordinances, regulations, customs, and/or usages.

30. Plaintiff DOTY was entitled to adequate medical care under the Eighth and Fourteenth Amendments to the United States Constitution, which prohibit state actors from exhibiting deliberate indifference to the serious medical needs of inmates.

31. At all relevant times, Defendants, and each of them, knew they had a duty to provide Plaintiff DOTY with medical care for serious medical needs, including medical conditions that cause pain, discomfort or threaten good health, or that if left unattended would pose a substantial risk to the health of the inmate.

32. At all relevant times, Defendants, and each of them, knew that Plaintiff DOTY had been injured while under their custody and control, and was suffering from substantial pain, a dangerously infected foot, and that his condition was worsening, but they breached their duties to Plaintiff DOTY by acting with deliberate indifference to his serious medical conditions.

33. As described in the foregoing paragraphs, Defendants, and each of them, violated the Plaintiff DOTY's civil rights by their unreasonable and willful

Page 8 of 14

---
COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____

denial and failure to furnish Plaintiff DOTY with the medical care required to treat his injured foot, despite having specific knowledge regarding his medical condition. This pattern and practice of delay, denial, and abusive medical practices against Plaintiff DOTY constitutes a deliberate indifference to his medical needs.

34. The conduct of each Defendant violated Plaintiff DOTY's rights not to be deprived of life, liberty, or property without due process of law or to be denied equal protection of the laws as guaranteed by the Fourteenth Amendment, and entitles Plaintiff DOTY to recover damages pursuant to 42 U.S.C. § 1983. Defendants, and each of them, violated Plaintiff DOTY's civil rights by denying him much needed medical care for several weeks, resulting in the amputation of his toe and severe damage to his foot.

35. Furthermore, the customs, usage, practices, and policies of the entity Defendants amounted to deliberate indifference to the rights of Plaintiff DOTY. Additionally, and in connection with the duty to provide inmates, Defendants, and each of them, had a duty to adopt policies and procedures to protect inmates' basic rights and their access to healthcare, which they failed to do. Plaintiff DOTY was deprived his civil rights as a result of the entity Defendants' failure to train, supervise, discipline, and instruct their guards, deputies and medical staff regarding treating injured inmates. Defendants were deliberately indifferent to the need to train, supervise, instruct, and discipline their guards, deputies and employees adequately. This failure to provide proper training, supervision, instruction, and discipline was the cause of the Plaintiff DOTY's deprivation of his Constitutional rights and amputation of his toe and injury to his foot pursuant to the Eighth and Fourteenth Amendments.

36. Moreover, the entity Defendants had actual or constructive knowledge that the employees subject to this Complaint were engaged in conduct that posed a pervasive and unreasonable risk of physical and Constitutional injuries to citizens in a like position to Plaintiff DOTY. Through a long history of complaints and lawsuits

COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____

involving allegations similar to those herein, Defendants were aware of the previous violations of Constitutional rights by its guards, deputies and medical staff. The entity Defendants' lack of response to the litany of complaints and lawsuits show deliberate indifference to, or a tacit authorization of, the alleged offensive practices. The violation of Plaintiff DOTY's Eighth and Fourteenth Amendment rights occurred as a result of the result of widespread and settled custom, usage, practice, and policy of the entity Defendants.

37. As a proximate result of the entity Defendants' actions, policies, deliberate indifference, and conduct, Plaintiff was deprived of the necessary and indicated medical intervention, care, treatment, and follow-up; suffered serious cruel, and unusual punishment, including amputation of his toe and permanent injury to his foot.

38. Defendants' acted recklessly or with callous indifference to Plaintiff DOTY's serious medical condition and to Plaintiffs' constitutional rights and should be assessed punitive damages.

39. By virtue of the provisions of 42 U.S.C. §1988, Plaintiff DOTY is entitled to and demands an award of reasonable attorney's fees and costs according to proof.

## SECOND CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983

### (EIGHTH AMENDMENT))

**[Against All Defendants]**

40. Plaintiff DOTY realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

41. The conduct of the individual Defendants violated Plaintiff DOTY's right not to be subjected to cruel and unusual punishment while in custody. Not medically treating Plaintiff DOTY's partially severed and badly infected toe, despite

Page 10 of 14
--------------------------------------------------------------------------------
COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____

having specific knowledge of the need, caused Plaintiff DOTY immense pain and irreparable damage, including the loss of his toe and permanent damage to his foot, and amounts to cruel and unusual punishment. Despite having specific knowledge of the foregoing paragraphs, Defendants, and each of them, failed to take reasonable action to ensure proper medical treatment.

42. The actions by Defendants as alleged in this Complaint were done knowingly, willfully, maliciously, oppressively, and with reckless and callous disregard for Plaintiff DOTY's Constitutionally protected rights.

43. At all dates and times herein alleged, Defendants, and each of them, violated the civil rights of Plaintiff DOTY, and each of them was present and/or was in a position and of the authority to lawfully intervene and prevent these violations.

44. In addition, Defendants VILLANUEVA and DOES 1 through 50, inclusive, were deliberately indifferent to the need to command, train, supervise, and instruct their guards, deputies and employees adequately to ensure inmates' Constitutional rights were not being violated and that they do not suffer irreparable physical and emotional harm. Defendants VILLANUEVA and DOES 1 through 50, inclusive, had actual or constructive knowledge that his subordinates were engaged in a pattern of conduct that posed pervasive and unreasonable risks of Constitutional injury. Furthermore, through a history of complaints, studies, investigations, reports, and lawsuits, Defendants VILLANUEVA and DOES 1 through 50, inclusive, were aware of previous violations of Constitutional rights and inadequate medical care, and their lack of response constitutes a policy or custom that in and of itself is a repudiation of Constitutional rights. Additionally, and in connection with the duty to provide inmates with adequate medical care, Defendants had a duty to adopt policies and procedures to protect inmates' basic rights and their access to healthcare, which they failed to do.

45. As a proximate result of the entity Defendants' actions, policies, deliberate indifference, and conduct, Plaintiff DOTY was deprived of the necessary

and indicated medical intervention, care, treatment, and follow-up; suffered serious cruel, and unusual punishment, including amputation of his toe and permanent damage to his foot.

46. Defendants acted recklessly or with callous indifference to Plaintiff DOTY's serious medical condition and to Plaintiff DOTY's constitutional rights and should be assessed punitive damages.

47. By virtue of the provisions of 42 U.S.C. §1988, Plaintiff DOTY is entitled to and demands an award of reasonable attorney's fees and costs according to proof.

## THIRD CAUSE OF ACTION
## (VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983
## (FOURTEENTH AMENDMENT))
### [Against All Defendants]

48. Plaintiff DOTY realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

49. The conduct of Defendants, and each of them, violated Plaintiff DOTY's right not to be deprived of life, liberty, or property without due process of law guaranteed by the Fourteenth Amendment to the U.S. Constitution, and entitles Plaintiff DOTY to recover damages pursuant to 42 U.S.C. §1983.

50. Defendants, and each of them, violated Plaintiff DOTY's civil rights by denying him much needed medical care. This pattern of delay, denial, and abusive medical practices against Plaintiff DOTY constitutes deliberate indifference to Plaintiff DOTY's medical needs. Additionally, and in connection with the duty to provide inmates with timely and adequate medical care, Defendants, and each of them, had a duty to adopt policies and procedures to protect inmates' basic rights and their access to healthcare, which they failed to do.

51. At all dates and times alleged herein, Defendants, and each of them,

Page 12 of 14

COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____

were present and/or were in the position to lawfully intervene and prevent the civil rights violations to Plaintiff DOTY. Each Defendant knowingly, willfully, maliciously, oppressively, and with reckless and callous disregard for Plaintiff DOTY's federally protected civil rights, violated such rights by ignoring Plaintiff DOTY's medical needs, which amounted to deliberate indifference. This failure and the failure to provide the proper training, supervision, and instruction was the cause of the deprivation of Plaintiff DOTY's rights under the Fourteenth Amendment to the U.S. Constitution.

52. Each Defendant was personally involved in this failure to provide Plaintiff DOTY with medical treatment despite their knowing of his serious medical need. Defendants, and each of them, had actual or constructive knowledge that their subordinates were engaged in conduct that posed serious risk of Constitutional, physical, and emotional harm to Plaintiff DOTY.

53. There is an affirmative causal link between the Defendants' actions and/or inactions and the particular injury suffered by Plaintiff DOTY. As a direct and proximate result of Defendants, and each of their actions, and the custom and usage, practice, and policies of Defendants, Plaintiff DOTY has suffered loss, injury, and damages as herein alleged.

## DEMAND FOR JURY TRIAL

Plaintiff DOTY hereby demands Trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff DOTY prays for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;
2. For special damages according to proof;

Page 13 of 14

COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____

3. For punitive damages, except against Defendants COUNTY and SHERIFF;

4. For the costs of suit incurred herein;

5. For interest as thereon provided by law;

6. For attorney's fees; and

7. For such other and further relief as this Court may deem just and proper.

Dated: August ____, 2021.

THE THOMAS FIRM

By: _____
EMANUEL THOMAS
Attorneys for Plaintiff
JEFFREY DOTY

---

COMPLAINT FOR DAMAGES: 1) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 – ENTITY LIABILITY – MONELL CLAIM; 2) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – EIGHTH AMENDMENT; 3) VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 – FOURTEENTH AMENDMENT
*Jeffrey Doty v. County of Los Angeles, et al.* – LASC Case No. _____